UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA
Harrisburg Division

JILL CARUSO, Individually,                      :
                                                :
              Plaintiff,                         :
                                                :
v.                                              :    Case No.
                                                :
MILTON HERSHEY SCHOOL                           :
A Domestic Company                              :
                                                :
              Defendant.                         :
_____ /         :

## COMPLAINT

Plaintiff, Jill Caruso (hereinafter "Plaintiff"), hereby sues the Defendant, Milton Hershey School, A Domestic Company (hereinafter "Defendant"), for Injunctive Relief, and attorney's fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. §12181 et seq. ("ADA"). In support thereof, Plaintiff states:

1.     This action is brought by Jill Caruso, and all persons similarly situated, pursuant to the enforcement provision of the Americans With Disabilities Act of 1990 ("ADA"), 42 U.S.C. 12188(a) against the owners and/or operators of Applebee's Restaurant.

2.     This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1343, which governs actions that arise from the Defendant's violations of Title III of the Americans with Disabilities Act, 42 U.S.C. §12181 et seq.  See also 28 U.S.C. §2201 and §2202.

3.     Venue is proper in this judicial district and division. Defendant does business in the State of Pennsylvania, and all of the acts of discrimination alleged herein occurred in this judicial district and division.

4.      Plaintiff Jill Caruso is a resident of Monroe, Michigan, uses a wheelchair, and is an individual with a disability within the meaning of ADA, 42 U.S.C. 12102(2), 28 C.F.R. 36.104.

5.      The Applebee's Restaurant is located at 1181 Mae Street, Hummelstown, Dauphin County, Pennsylvania 17036.

6.      The Applebee's Restaurant is a place of public accommodation within the meaning of Title III of the ADA, 42 U.S.C. 12181, 28 C.F.R. 36.104.

7.      Defendant owns, leases, leases to, or operates the Applebee's Restaurant, and is responsible for complying with the obligations of the ADA.

8.      Plaintiff has visited the property which forms the basis of this lawsuit and plans to return the property to avail herself of the goods and services offered to the public at the property.

9.      There are numerous architectural barriers present at the Applebee's Restaurant that prevent and/or restrict access by Plaintiff, in that several features, elements, and spaces of the Applebee's Restaurant  that are not accessible to or usable by Plaintiff, as specified in 28 C.F.R 36.406 and the Standards for Accessible Design, 28 C.F.R., Pt. 36, Appendix A ('the Standards").

10.     Elements and spaces to which there are barriers to access at the Applebee's Restaurant include, but are not necessarily limited to:

a.      There are designated disabled parking spaces located on a slope in violation of Section 4.6.3 of the ADAAG.

b.      There is no accessible route from the access aisles to the facility, in violation of Sections 4.6.3 of the ADAAG.

c. There are curb ramps at the facility that contain side slopes in violation of Sections 4.7.2 and 4.7.5 of the ADAAG.

d. There are changes in levels of greater than ½ inch, violating Section 4.3.8 of the ADAAG.

e. There are ramps at the facility that do not have clear landing space in violation of Section 4.8.4 of the ADAAG.

f. The maneuvering clearances at doors to the facility are less than the prescribed minimums, in violation of Sections 4.13.6 of the ADAAG.

g. There is insufficient clear floor space to access goods or services at the facility, in violation of several Section of the ADAAG.

h. There are counters throughout the facility in excess of 36", in violation of Section 7.2(1) of the ADAAG.

i. There is seating provided at the facility that does not comply with the standards prescribed in Section 4.32 of the ADAAG.

j. The toilet flush in the public restroom is not located on the wide side of the toilet area in violation of Section 4.16.5 of the ADAAG.

k. There are storage hooks provided for patrons of the facility in the public restroom that are inaccessible, violating Sections 4.2.5, 4.2.6 of the ADAAG.

11. Defendants' failure to remove the architectural barriers identified in paragraph ten (10) constitutes a pattern or practice of discrimination within the meaning of 42 U.S.C. 12188 (b)(1)(B)(i) and 28 C.F.R. 36.503 (a).

3

12.     It would be readily achievable for the Defendant to remove the architectural barriers identified above.

13.     Defendant is required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for its place of public accommodation that have existed prior to January 26, 1992, 28 CFR 36.304(a); in the alternative, if there has been an alteration to Defendant's place of public accommodation since January 26, 1992, then the Defendant is required to ensure to the maximum extent feasible, that the altered portions of the facility are readily accessible to and useable by individuals with disabilities, including individuals who use wheelchairs, 28 CFR 36.402; and finally, if the Defendant's facility is one which was designed and constructed for first occupancy subsequent to January 26, 1993, as defined in 28 CFR 36.401, then the Defendant's facility must be readily accessible to and useable by individuals with disabilities as defined by the ADA.

14.     The Defendant has discriminated against Plaintiff by denying her access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the buildings, as prohibited by 42 U.S.C. § 12182 et seq. and 28 CFR 36.302 et seq

15.     Defendant continues to discriminate against the Plaintiff, and all those similarly situated, by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities.

16.     Plaintiff is without an adequate remedy at law and is suffering irreparable harm.  Plaintiff has retained the undersigned counsel and is entitled to recover attorney's fees, costs and litigation expenses from the Defendant pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

Case 3:02-at-06000 Document 403 Filed 04/13/11 Page 5 of 6

17.    Notice to Defendant is not required as a result of the Defendant's failure to cure the violations by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less).  All other conditions precedent have been met by Plaintiffs or waived by the Defendant.

18.    Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to require the Defendant to make the property readily accessible and useable to the Plaintiff and all other persons with disabilities as defined by the ADA; or by closing the facility until such time as the Defendant cures its violations of the ADA.

19.    Because Defendant has engaged in the acts and practices described above, Defendant has violated the law as alleged in this Complaint and unless restrained by this Honorable Court, Defendant will continue to violate the Constitution and laws of the United States of America, and will cause injury, loss and damage to the Plaintiff, and all others so similarly situated.

**WHEREFORE,** Plaintiffs respectfully request that this Court:

A.    Declare that Defendant has violated title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq, 28 C.F.R. pt. 36.

i.    by failing to bring the Applebee's Restaurant into compliance with the Standards where it is readily achievable to do so; and

ii.    by failing to take other readily achievable measures to remove architectural barriers to access when it is not readily achievable to comply fully with the Standards.

B.      Order Defendant:

i.      to make all readily achievable alterations to the facility; or to make such facility readily accessible to and usable by individuals with disabilities to the extent required by the ADA;

ii.     to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities

C.      Award attorney's fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205.

D.      Order such other appropriate relief as the interests of justice may require.

Respectfully Submitted,


By: /s/ Pete Monismith
Pete M. Monismith, Esq.
3945 Forbes Ave., #175
Pittsburgh, PA 15213
Ph: 724-610-1881
Fax: 412-258-1309
Pete@monismithlaw.com
PA-84746